WINDOW ROCK DISTRICT COURT

May 12, 1982

No. WR-CV-52-82

OPINION AND ORDER

OREN FREJO, Plaintiff, v.

AGNES BARNEY, Defendant.

Honorable Tom Tso, Judge presiding.

## FACTUAL BACKGROUND

This is an action to make a change in child custody and modify the obligation to support the children of the parties.

This opinion is made upon the motion of Agnes Barney, the respondent. She asks that the proceedings for child custody and support in this court be transferred to the McKinley County, New Mexico District Court, saying that since that court had entered prior decrees regarding her relationship with Oren Frejo, the petitioner here, and since Mr. Frejo had already submitted to state jurisdiction, the state court should be the one to decide this dispute.

Because this is a question relating to jurisdiction, the facts of the situation are extremely important.

On September 2, 1976 Mr Frejo filed a petition for dissolution of marriage in the McKinley County District Court, reciting the fact he and Agnes Frejo were residents of McKinley County. On November 18, 1976 the parties entered into a settlement agreement, and on November 22, 1976 the court adopted the agreement and granted a decree of dissolution of marriage. Since that time the McKinley County District Court has taken other action in the case. On February 11, 1982 Mr. Frejo filed a petition in this court asking it to amend the separation agreement and property settlement agreement. The uncontested facts as shown by the petition and answer to it are that Mr. Frejo lives in Shiprock, Navajo Nation and Mrs. Frejo lives in Tohatchi, Navajo Nation. The contested facts are the allegations Mr. Frejo obtained an award of custody of the minor child of the parties, Karen Frejo (age 15) from the Crownpoint District Court because the mother could not control her; that the mother is unfit to have the custody of the minor children of the parties, and; that the father should have child custody and be relieved of the obligation of child support payments to the mother.

The facts which are not before the court and which affect the jurisdiction and venue questions are where the parties and the children actually lived when marriage dissolution proceedings were begun in the state court and where the children presently reside. These are important facts for the reasons shown in the discussion of law.

## DISCUSSION OF THE LAW

Because the parties and children are members of the Navajo Tribe and the Navajo Nation has the obligation to protect its children, this court must determine whether the state court properly exercised jurisdiction. If it did not have jurisdiction over the marriage of the parties and the children, the state decree need not be given effect here, and any order modifying the decree need not be given effect. 24 Am.Jur.2d, Divorce and Separation Sec. 999. If the state court had jurisdiction, then the major factor to be considered here should be the domicil of the children. Id. Sec. 1001.

This court must examine the jurisdiction of the New Mexico state court, because if this court were to accept the invitation of the respondent and return the case to a court without personal or subject matter jurisdiction, an injustice would be done both parties.

In the subcategory of conflicts of law in the law of Indian affairs it is fundamental that when parties to an action are Indian, tribal courts have exclusive jurisdiction. F. Cohen, Handbook of Federal Indian Law, 342 (1982 Ed.). There are five pertinent cases which illustrate this principle.

In Whyte v. District Court of Montezuma County a Ute Mountain wife filed a divorce action in the county court. 346 P.2d 1012, 1013 (Colo. 1959). The husband moved to dismiss the action on the grounds (1) the parties were both enrolled members of the Ute Mountain Tribe; (2) the marriage took place within the Ute Mountain Reservation; and (3) the parties both were domiciled on the reservation. Id. The Colorado Supreme Court noted these significant contacts with the Ute Mountain jurisdiction and held that since Congress had not authorized state jurisdiction, the trial court had no subject matter jurisdiction. In Begay v. Miller two members of the Navajo Tribe were married within the Navajo Nation under an Arizona marriage license. 222 P.2d 624, 625 (Ariz. 1950). The husband obtained a decree of divorce in the Navajo Court of Indian Offenses, and later the wife filed her own divorce action in the Apache County Superior Court. Id. Later she had him jailed for contempt of court for failure to pay child support. Id. The Arizona Supreme Court examined the situation and found the Navajo Nation had full sovereignty, the Navajo court had jurisdiction which should be recognized, and its decree was conclusive. Id. 627-629.

The case of Nelson v. Dubois addressed the issue raised by the respondent of the petitioner submitting himself to New Mexico state jurisdiction. 232 NW2d 54 (N.D., 1975). A motor vehicle collision took place on the Fort Totten Reservation, and Mrs. Dubois (a Turtle Mountain Chippewa Indian) signed a "consent to civil jurisdiction" in which she agreed to be bound by the civil jurisdiction of the North Dakota state courts. Id., 55. The North Dakota Supreme Court ruled on the issue of the validity of the consent and held it was invalid and could not confer jurisdiction on the state courts. Id., 56. The reason for this is that states cannot assume jurisdiction over Indian affairs matters without Congressional authorization, and compliance with the federal statute for the assumption of civil jurisdiction is mandatory and jurisdictional.

A suggestion such as the one made in this case was made in the

Montana case of Blackwolf v. District Court of Sixteenth Jud. Dist., 493 P.2d 1293 (Mont. 1972). Pursuant to the Revised Law and Order Code of the Northern Cheyenne Reservation, the Northern Cheyenne Tribal Court "remanded" the cases of three allegedly delinquent youths to the state district court. Id. 1293-1294. The question of state court jurisdiction came before the Montana Supreme Court and it held that due to the fact state jurisdiction is controlled by federal law, the Northern Cheyenne Tribal Court could not confer jurisdiction on the state court.

Finally, in the case In re the Marriage of Lippy a Northern Cheyenne wife contested state court jurisdiction over the person and subject matter of a divorce and child custody case, basing her argument that the Montana district court did not have jurisdiction on a Northern Cheyenne Tribal Court advisory opinion that the Tribe had sole jurisdiction. 636 P.2d 266 (Mont. 1981). All parties resided on reservation. The Montana Supreme Court agreed and held the district court did not have jurisdiction. The Montana Supreme Court used principles of comity and recognition of the Northern Cheyenne Tribal Court opinion and held the district court should abstain from exercising jurisdiction.

Therefore this court must act carefully so as not to leave the parties to a remedy before a court which does not have jurisdiction and so as to not deprive the children of the parties of the protection to which they are entitled under Navajo law.

The basic questions to be addressed here are the governmental interest of the Navajo Nation in the welfare of the parties and their children and whether, given the "significant contacts" of the parties and the children to the Navajo Nation, the courts of the Navajo Nation are the sole forum before which their personal matters must be resolved. Those "significant contacts" may, however, be with the state forum.

Therefore the court will order the submission of affidavits and briefs which address the question of the proper forum, the validity of the state decree and what recognition, if any, the state decree should be given, whether it is valid or not.

Based upon the foregoing considerations it is hereby ORDERED that:

1. The parties will submit factual affidavits to the court within ten days of the date of this order addressing the significant contacts of the parties as to the following matters, and any other pertinent matters, as of September 2, 1976, November 22, 1976, February 11, 1982 and the date of this order:

    a. The residence address or location of the parties and the children;

    b. The parent the children were residing with at the time of such dates and the location of residence;

    c. The names of employers of the parties and the location of such employment as of the listed dates;

    d. Whether exemption from vehicle taxation, state income taxation or other exemptions from state jurisdiction were claimed as of such dates;

    e. The ages of the children on such dates, and the name and location of any school they attended;

    f. Any other significant contacts with the Navajo Nation or

the State of New Mexico which would illustrate a dominant governmental interest over the parties or the children on such dates;

2. The parties will submit briefs outlining their legal contentions in support of their positions as to:

    a. The proper forum for the current controversy;

    b. The proper forum for the initial divorce;

    c. The effect, if any, the state decree should be given should this court retain jurisdiction;

    d. Any arguments for the transfer of jurisdiction, the authority of this court to do so and the effectiveness of a state court judgment as to the current dispute;

    e. Any other argument which the parties deem pertinent to this dispute.

3. The respondent's motion will be decided on the affidavits and briefs unless the court deems it necessary to do otherwise.